IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Ricky H. Pierce, | : | |
| Plaintiff | : | Civil Action 2:14-cv-0889 |
| v. | : | Judge Graham |
| Gary Mohr, Director, Ohio Department of Rehabilitation and Correction, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants | : | |

## Initial Screening Report and Recommendation

Plaintiff Ricky H. Pierce, a prisoner at the Chillicothe Correctional Institution, brings this civil rights action under 42 U.S.C. §1983 alleging that defendants have denied him needed medical care.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See, McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). For the reasons set out below, the Magistrate Judge finds that the complaint fails to give each individual defendant fair notice of the claim against him or her and, therefore, orders that plaintiff file an amended complaint within 28 days of the date of this Report and Recommendation stating as to each defendant what action he or she took to deny him needed medical care and the date(s) each defendant denied him needed medical care.

The complaint alleges that defendants denied plaintiff Ricky H. Pierce needed medical care for hemochromotosis, diabetes Type II, and elevated triglycerides. However, the complaint does not allege what each individual defendant did to deny plaintiff needed medical care.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe it in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus,* 551 U.S. 89, 93 (2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555, 127 S.Ct. 1955 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Moreover, *pro se* complaints must be liberally construed. *Erickson*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). Nonetheless, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Twombly*, 550 U.S. at 570." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).

<u>Analysis</u>.  There are no allegations about what each individual defendant did to deny plaintiff needed medical care. Consequently, the complaint fails to give them fair

notice of the claim(s) against them.

Accordingly, it is **ORDERED** that plaintiff file an amended complaint within 28 days of the date of this Report and Recommendation stating as to each defendant what action he or she took to deny him needed medical care and the date(s) each defendant denied him needed medical care. If plaintiff fails to do so, it is **RECOMMENDED** that this lawsuit be DISMISSED for failure to state a claim for relief against the individual defendants.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

s/Mark R. Abel<br>
United States Magistrate Judge