IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ricky H. Pierce,                                              :

           Plaintiff                            :       Civil Action 2:14-cv-0889

 v.                                                           :       Judge Graham

Gary Mohr, Director, Ohio Department          :       Magistrate Judge Abel
of Rehabilitation and Correction, *et al.*,

                                  :

           Defendants                           :

                                    :

## Initial Screening Report and Recommendation

Plaintiff Ricky H. Pierce, a prisoner at the Chillicothe Correctional Institution,

brings this civil rights action under 42 U.S.C. §1983 alleging that defendants have

denied him needed medical care. On July 18, 2014, I filed an Initial Screening Report

and Recommendation that ordered plaintiff to file an amended complaint within

twenty-eight days (doc. 5).

This matter is before the Magistrate Judge for initial screening of plaintiff's

August 15, 2014 amended complaint (doc. 10) under 28 U.S.C. §1915(e)(2) to identify

cognizable claims, and to recommend dismissal of the complaint, or any portion of it,

which is frivolous, malicious, fails to state a claim upon which relief may be granted, or

seeks monetary relief from a defendant who is immune from such relief.  *See, McGore v.*

*Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.  1997).  For the reasons set out below, the

Magistrate Judge finds that the complaint fails to state claims against the individual

defendants and fails to give them fair notice of the claim against him or her and,

therefore, RECOMMENDS that this action be DISMISSED.

The amended complaint alleges that defendants Gary Mohr, Director, Ohio Department of Rehabilitation and Correction ("ODRC"), Doctor Eddy, ODRC Chief Medical Officer, Mona Parks, ODRC Assistant Chief Inspector (Medical), Beth Higginbotham, Health Care Administrator ("HCA"), Chilicothe Correctional Institution ("CCI"), and Gary Artrip, a nurse at CCI denied plaintiff Ricky H. Pierce needed medical care for hemochromotosis, diabetes Type II, and elevated triglycerides. Pierce became incarcerated in the ODRC prison system in August 2012. (Am. Compl., ¶ 1.) On December 19, 2012, Pierce was transferred to CCI. (Am. Compl., ¶ 2.) He requested that he be enrolled in general medical care for hemochromotosis, but was not enrolled until June 10, 2013. (Am. Compl., ¶ 3.) As to the individual defendants, the amended complaint makes the following allegations.

Gary Mohr. There is no allegation that Director Mohr took any action or was personally aware of the actions allegedly taken by the other defendants. The amended complaint pleads that he is "responsible . . . due to ultimate authority and chain of command as director of the O.D.R.C. . . ." (Am. Compl., ¶ 11. See also, Am. Compl., ¶ 17.)

Dr. Eddy. The Chief Medical Director was at some unspecified time "involved in my denial through collegial review, of a hematologist, and being ultimate authority over medical and in line of chain of command" is responsible for the other defendants' deliberate indifference to plaintiff's medical needs. (Am. Compl., ¶ 10.)

2

<u>Mona Parks</u>. Assistant Chief Inspector Parks rejected Pierce's appeals of the CCI inspectors disposititon of his grievances. (Am. Compl., ¶¶ 4 and 6-8.)

<u>Beth Higginbotham</u>. Higginbotham is the CCI Health Care Administrator. She is not alleged to be a treator. She is named as a defendant because she was "responsible for my healthcare". (Am. Compl., ¶ 3.) After plaintiff complained a second time, Higginbotham sent a request to the collegial review board for a hematologist to perform a consultative examination of Pierce. (Am. Compl., ¶¶ 4 and 5.) Higginbotham told an institutional inspector that plaintiff's chart said that he should have no treatment for hemochromotosis until is ferritin levels reached 800. (Am. Compl., ¶ 8.) Over an unstated period, plaintiff had four blood tests that found ferritin levels over 500. (*Id*.)

<u>Gary Atrip, C.N.P.</u> Artrip, a nurse practitioner, is named as a defendant because he was "responsible for my healthcare". (Am. Compl., ¶ 3.) There were "abnormal lab results drawn on 04-01-13 that were not discussed, treated or followed up on by Gary Artrip . . . ." (Am. Compl., ¶ 5.) Artrip should have treated Pierce for hemochromotosis when his ferritin levels exceeded 500. (Am. Compl., ¶ 8.) Pierce received no treatment even though an unidentified hematologist at an unstated date wrote a letter making the recommendation that his ferritin level be kept below 500. (Am. Compl., ¶¶ 9 and 14.) On July 17, 2013, Artrip removed Pierce from glucose level monitoring for his type II diabetes. (Am. Compl., ¶ 13.) Decisions by the Chief Inspector attached to the amended complaint indicate that Pierce's ferritin levels and hemoglobin are being monitored (Doc. 10-1, PageID 83, 88 and 92) and that the collegial review board has ordered im-

3

plementation of an alternative treatment plan for his hemochromotosis. (*Id.*, PageID 88.)

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe it in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus*, 551 U.S. 89, 93 (2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555, 127 S.Ct. 1955 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Moreover, *pro se* complaints must be liberally construed. *Erickson*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). Nonetheless, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Twombly,* 550 U.S. at 570." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).

<u>Analysis</u>. For the reasons set out below, the amended complaint fails to state claims for relief against any defendant.

<u>Mohr and Eddy</u>. The amended complaint seeks to hold these defendants liable because of their position in the chain of authority over the remaining defendants. To establish liability under §1983, a plaintiff must plead and prove that a defendant is

4

personally responsible for the unconstitutional actions which injured him. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). *Respondeat superior* is not a basis for liability. *Polk Co. v. Dodson*, 454 U.S. 313, 325 (1981); *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). A supervisor is not liable unless the supervisor encouraged or some-how participated in the actionable events. There is no liability under 42 U.S.C. §1983 for "mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Here there is no allegation that either Mohr or Eddy took any action to deny plaintiff a constitutional right, nor that they approved or condoned any such action. Consequently, the amended complaint fails to state claims for relief against them.

Mona Parks. The amended complaint alleges that Chief Assistant Inspector Parks is liable for the way she handled Pierce's appeals of the institutional inspectors' resolution of his grievances. Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged retaliatory behavior" cannot be liable under §1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982). Consequently, the amended complaint fails to state claims for relief against her.

Beth Higginbotham. She is CCI's Healthcare Administrator. The amended complaint does not allege that she is a treator, nor does it allege that she interfered in Pierce's treatment to deprive him of needed medical care for a serious medical need. Consequently, the amended complaint fails to state claims for relief against her.

5

Gary Artrip. Essentially, the amended complaint alleges that Artrip should have instituted treatment for plaintiff's hemochromatosis when his ferritin levels exceeded 500. The Eighth Amendment forbids prison officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  To demonstrate an Eighth Amendment deprivation, a prisoner must show that a prison official acted with deliberate indifference to his serious medical needs.  There is both an objective and a subjective component to a cruel and unusual punishment claim. *Quigley v. Thai,* 707 F.3d 675, 681 (6th Cir. 2013); *Scott v. Ambani,* 577 F.3d 642, 648 (6th Cir. 2009).  The objective component requires a plaintiff to demonstrate that the medical need was "sufficiently serious." *Brennan v. Farmer,* 511 U.S. 825, 834 (1994). That is, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008).

To meet the subjective component, a complaint must plead "facts which show that the prison official had a 'sufficiently culpable state of mind.' [*Brennan v.*] *Farmer,* 511 U.S. [825], 834 [(1994)]; *Comstock* [*v. McCrary,* 273 F.3d 693], 834 [(6th Cir. 2001)." Prison officials are liable only if they know of and disregard "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could

6

be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere negligence does not constitute deliberate indifference. *See, Estelle*, 429 U.S. at 106. Further, a prisoner does not state a claim merely by pleading that he disagrees with the diagnosis or treatment. *Estelle*, 429 U.S. at 107-08; *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

A complaint states a claim when it alleges that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake,* 537 F.2d at 860; *Scott v. Ambani,* 577 F.3d at 648.

Here the amended complaint does not allege that Artrip had reason to believe that Pierce would be exposed to undue suffering or serious injury is the treatment he requested was not initiated. The amended complaint alleges no injury to Pierce. It is clear from reading the amended complaint and the exhibits attached to it that he was receiving treatment. His ferritin and hemoglobin levels were being monitored. There was a treatment plan. Plaintiff disagreed with that plan, but such disagreements are not actionable under the Eighth Amendment. Consequently, the amended complaint fails to state a claim for relief against defendant Artrip.

Accordingly, it is hereby **RECOMMENDED** that the complaint be **DIS-MISSED** for failure to state a claim under 42 U.S.C. §1983.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a

7

copy of the complaint, and a copy of this Order. Defendants are not required to answer the complaint unless later ordered to do so by the Court.

The Clerk of Court is DIRECTED to mail a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th Floor, Columbus, OH 43215.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Service*s, 892 F.2d 15, 16 (2d Cir. 1989).

                                        s/Mark R. Abel
                                        United States Magistrate Judge

8