```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

Ricky H. Pierce,

    Plaintiff,

  v.                          Case No. 2:14-cv-889

Gary Mohr, Director, Ohio
Department of Rehabilitation
and Correction, et al.,

    Defendants.

## ORDER

Plaintiff Ricky H. Pierce, a state prisoner, filed this civil rights action pursuant to 42 U.S.C. §1983, against Gary Mohr, Director of the Ohio Department of Rehabilitation and Correction ("ODRC"); Doctor Eddy, ODRC Chief Medical Officer; Mona Parks, ODRC Assistant Chief Medical Inspector; Beth Higginbotham, Health Care Administrator at the Chillicothe Correctional Institution ("CCI"); and Gary Artrip, a nurse practitioner at CCI.  Plaintiff alleged that the defendants have denied him needed medical care for treatment of hemochromotosis, Type II diabetes and elevated triglycerides in violation of the Eighth Amendment.  Plaintiff further alleged that after he was transferred to CCI on December 19, 2012, he requested to be enrolled in general medical care for hemochromotosis, but that he was not enrolled until June 10, 2013.

On September 29, 2014, the magistrate judge issued a report and recommendation (Doc. 13) following an initial screen of the complaint pursuant to 28 U.S.C. §1915(e)(2).  The magistrate judge concluded that plaintiff's amended complaint failed to state claims against the defendants or to give them fair notice of the claims

against them, and he recommended that the complaint be dismissed.

This matter is before the court on plaintiff's motion for reconsideration with objections (Doc. 17) to the magistrate judge's report and recommendation. If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

As the magistrate judge correctly explained, 28 U.S.C. §1915(e) requires sua sponte dismissal of an action upon the court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008). Courts conducting initial screens under §1915(e) apply the motion to dismiss standard. See, e.g., Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008). To survive

a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level" and "state a claim that to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

In regard to Mohr and Eddy, the magistrate judge noted that the amended complaint alleged no actions taken by these defendants; rather, plaintiff alleged that they were liable because they were in the "chain of command." Doc. 13, p. 2. In his objections, plaintiff summarily argues that these defendants are decision makers. However, as the magistrate judge observed, Doc. 13, pp. 4-5, there is no respondeat superior liability under §1983. Polk Couty v. Dodson, 454 U.S. 313, 325 (1981); Grinter, 532 F.3d at 575 (plaintiff must allege "personal involvement" because there is no respondeat superior liability under § 1983). Likewise, §1983 liability cannot be based on mere knowledge or failure to act. See Grinter, 532 F.3d at 576 (failure to act by prison officials does not subject supervisors to liability). To hold a supervisor liable under § 1983, plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct[.]" Everson v. Leis, 556 F.3d 484, 495 (6th Cir. 2009); see also Phillips v. Roane County, Tenn., 534 F.3d 531, 543 (6th Cir. 2008)(supervising official is not liable unless the supervisor either encouraged the specific incident of

3

misconduct, or in some other way directly participated in it, or implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of other officers). Plaintiff does not allege facts indicating that either of these defendants personally took any action in regard to his medical treatment, or authorized, approved, or knowingly acquiesced in unconstitutional conduct by other prison officials. The court agrees with the conclusion of the magistrate judge that because the amended complaint fails to allege that Mohr or Eddy took any action to deprive plaintiff of medical care in violation of the Eighth Amendment or that they approved or condoned an Eighth Amendment violation by others, the amended complaint fails to state a claim for relief against these defendants.

    The amended complaint alleges that Parks rejected plaintiff's appeals from the rejection of plaintiff's grievances. The magistrate judge correctly noted that where a prison official's only role involves the denial of administrative grievances and the failure to remedy alleged retaliatory behavior, that official cannot be liable under §1983. See Doc. 13, p. 5 (citing Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); see also Grinter, 532 F.3d at 576 (the mere fact that a defendant denied an inmate's grievance is not sufficient to establish supervisory liability). The amended complaint fails to allege a claim against Parks.

    The amended complaint alleges in general that Higginbotham and Artrip were responsible for plaintiff's health care, see Doc. 10, ¶ 3. However, Higginbotham is not alleged to be a treator. Rather, plaintiff alleges that after he complained a second time about his treatment, Higginbotham sent a request to the collegial

4

review board for a hematologist to perform a consultative examination of plaintiff. Doc. 10, ¶¶ 4-5. Plaintiff further contends that Higginbotham told an institutional inspector that plaintiff's chart indicated that he should not receive treatment for hemochromotosis until his ferritin levels exceeded 800. Doc. 10, ¶ 8. Plaintiff alleges that another unidentified hematologist wrote a letter at an unstated date recommending that plaintiff's ferritin levels be kept below 500, and that lab results on four occasions showed ferritin levels over 500. Doc. 10, ¶¶ 8-9, 14). Plaintiff also alleges that Artrip did not follow up on allegedly abnormal lab results on April 1, 2013, and that he removed plaintiff from glucose level monitoring for his type II diabetes. Doc. 10, ¶¶ 5, 13. Decisions by the Chief Inspector attached to the complaint state that plaintiff's ferritin levels and hemoglobin are being monitored, and that the Collegial Review Board ordered an alternative treatment plan for plaintiff's hemochromotosis. See Doc. 10-1, PageID 83, 88, 92.

To establish an Eighth Amendment violation based on the failure to provide medical care, a prisoner must show that he has a serious medical condition and that the defendants displayed a deliberate indifference to his health. Farmer v. Brennan, 511 U.S. 825, 839 (1994); Wilson v. Seiter, 501 U.S. 294, 298 (1991)(inmate must prove both an objective and subjective component: (1) a sufficiently grave deprivation, such as serious medical needs; and (2) a sufficiently culpable state of mind (wantonness)); Estelle v. Gamble, 429 U.S. 97 (1976)). To be liable under the Eighth Amendment, officials must know of and disregard an excessive risk to inmate health or safety, must be aware of facts from which they

5

could conclude that a substantial risk exists and must actually draw that conclusion. <u>Farmer</u>, 511 U.S. at 844. A complaint that a prison doctor or official has been negligent with respect to medical diagnosis or treatment does not state a valid claim under the Eighth Amendment. <u>Estelle</u>, 429 U.S. at 106; <u>Brooks v. Celeste</u>, 39 F.3d 125, 127 (6th Cir. 1994). Further, a prisoner does not state a claim merely by pleading that he disagrees with the diagnosis of prison medical personnel or the treatment provided by the institution. <u>Estelle</u>, 429 U.S. at 107-08; <u>Westlake v. Lucas</u>, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

The magistrate judge noted that the amended complaint did not allege that Higginbotham interfered in plaintiff's treatment to deprive him of needed medical care for a serious medical need. The magistrate judge concluded that the amended complaint therefore failed to state a claim for relief against her. Doc. 13, p. 5. The magistrate judge further observed that the amended complaint did not allege that Artrip had reason to believe that plaintiff would be exposed to undue suffering or serious injury if the treatment plaintiff requested was not initiated, nor did it allege any injury to plaintiff. The magistrate judge concluded that the amended complaint failed to state a claim against Artrip. Doc. 13, p. 7.

In his objections, plaintiff expresses his disagreement with the treatment plan followed by the institution. However, the magistrate judge correctly stated that choosing one doctor-supported treatment regimen over another doctor-supported treatment regimen does not amount to deliberate indifference. Doc. 17, p. 3-4. As the Sixth Circuit stated in <u>Mitchell v. Hininger</u>, 553

6

F.App'x 602 (6th Cir. 2014), "a desire for additional or different treatment does not suffice by itself to support an Eight Amendment claim." Id. at 605. A claim that the medical staff failed to provide more or better treatment, as opposed to showing indifference to plaintiff's medical condition, amounts to a plea to "'second guess medical judgments' as opposed to enforce the cruel-and-unusual-punishments ban in the Eighth Amendment." Id., (quoting Westlake, 537 F.2d at 860 n. 5). See also Rhinehart v. Scutt, 509 F.App'x 510, 513 (6th Cir. 2013)(neither negligence alone, nor a disagreement over the wisdom or correctness of a medical judgment is sufficient to allege a deliberate indifference claim); Kirkham v. Wilkinson, 101 F.App'x 628, 630 (6th Cir. 2004)("[A] difference in opinion between a prisoner and the medical staff about treatment does not state a cause of action.... This court is reluctant to second-guess medical judgments where a prisoner has received some medical attention and the dispute concerns the adequacy of that treatment."); Chapman v. Parke, 946 F.2d 894 (table), 1991 WL 203080 at *2 (6th Cir. Oct. 4, 1991)(difference of opinion regarding treatment is insufficient to state an Eighth Amendment claim). Although plaintiff alleges in his objections that Dr. Friedman, an outside hematologist, recommended that plaintiff's ferritin levels not be permitted to get above 500, this is not sufficient to state a claim under the Eighth Amendment. "[A] prison doctor who relies on his medical judgment to modify or disagree with an outside specialist's recommendation of how to treat an inmate is not said to act with deliberate indifference." Williams v. Smith, No. 02 Civ. 4558(DLC), 2009 WL 2431948 at *9 (S.D.N.Y. Aug. 10, 2009).

Having reviewed the report and recommendation and plaintiff's objections in accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b), the court finds that plaintiff's objections are without merit.  The court overrules plaintiff's objections (Doc. 17), and adopts the magistrate judge's report and recommendation (Doc. 13).  This action is hereby dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted.  The clerk shall enter judgement dismissing this case.  The clerk is directed to mail a copy of this order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th Floor, Columbus, Ohio 43215.

Date: November 17, 2014          _____s/James L. Graham_____
                                 James L. Graham
                                 United States District Judge